# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00271-CR

---

Sampson Walter Graves,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2024-1188-C1

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Following a jury trial, Sampson Walter Graves was convicted of two counts of aggravated assault with a deadly weapon—one against James Williamson, and one against Sheila Richardson—and sentenced to life in prison for each count. We affirm the trial court's judgments as modified.

**BACKGROUND**

Williamson's neighbor, Sheila Richardson, was involved in a romantic

relationship with Graves prior to and on the day of the incident at issue. On that day, Williamson was walking to his home at the Landing Townhomes when he saw Richardson sitting in her parked vehicle as Graves, standing outside of the vehicle, reached through the open window and hit her in the face with a full beer can. Williamson approached the two, attempting to intervene to help Richardson. Graves threatened to kill both Williamson and Richardson. Graves also attempted to charge, swing, and grab at Williamson. Graves's movements were slow due to his apparent intoxication, so Williamson was able to avoid the attempts. As Williamson tried to help Richardson out of her car and to the gated pool area, Graves began ramming his truck into her parked car. After Richardson got out of the vehicle, testimony indicates that while the two were rushing toward the pool, Graves drove toward them and stopped when his truck was within close proximity of the two. Shortly after, as officers approached and police sirens could be heard, Graves left the scene. Graves was caught after driving by the scene while officers were still investigating the incident.

## SUFFICIENCY OF THE EVIDENCE

On appeal, Graves contends that the evidence is insufficient to support his conviction as to Count II, aggravated assault with a deadly weapon against Williamson. He does not challenge his conviction for the same offense

committed against Richardson.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Graves complains the evidence was insufficient to support his conviction because there was no direct evidence that the operation of the vehicle "objectively constituted a threat of imminent bodily injury," such as the speed, acceleration, or trajectory of the truck during the incident. He contends that the evidence on Count II consists almost entirely of the subjective belief of the complainant that the defendant intended to strike him. We disagree with Graves.

In this case, the evidence supports the jury's verdict that Graves's conduct constituted an objective threat of bodily injury toward Williamson. The evidence primarily consists of testimony from both complainants and an eyewitness who saw the entire incident. Williamson arrived at the scene and watched Graves hit Richardson in the face with a full beer can that spilled on

her clothes upon impact. When Williamson intervened and told Graves to stop hitting Richardson, Graves threatened that he would "kill [Williamson] too." Graves also began ramming his truck into Richardson's vehicle while Williamson was standing in the area. Further, Graves attempted to grab at and hit Williamson, but Williamson was able to evade Graves's movements.

Testimony from the Landing's leasing agent, who was at the pool that day with her sister-in-law, also supports the jury's verdict. Although Richardson testified that she did not remember what was said between Williamson and Graves and she declined to make a statement as to whether Graves directed his truck at her and Williamson, the leasing agent stated that while Richardson was running to the pool area, the truck came within inches of her. She also testified that when Richardson fell on the grass, Williamson was behind her trying to assist her. Although he struck neither complainant with his vehicle, the leasing agent stated that Graves "angrily" revved his truck multiple times before leaving the scene.

Williamson also testified that Graves cut across the curb while trying to prevent them from getting into the pool area. Further, Williamson stated that Graves's truck came within a few feet of him and Richardson.

Although there was no direct evidence as to the speed, acceleration, or trajectory of the truck relative to Williamson at the time of the incident, the

State may prove a defendant's criminal culpability by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence. *Gardner v. State*, S.W.3d 274, 285 (Tex. Crim. App. 2009). Circumstantial evidence is as equally probative as direct evidence, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Zuniga*, 551 S.W.3d at 732-733. The jury alone decides whether to believe eyewitness testimony. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). After viewing the evidence in the light most favorable to the verdict and based on the cumulative force of all of the evidence, we conclude that any reasonable trier of fact could have found that Graves's driving objectively constituted a threat of imminent injury.

Graves's sole issue is overruled.

## MODIFICATION OF THE TRIAL COURT'S JUDGMENT

The State contends that the trial court's judgments of conviction incorrectly reflect pleas of "Guilty" as to both counts of aggravated assault with a deadly weapon. We agree, and the record supports the State's assertion, that Graves entered "Not Guilty" pleas.

We have the authority to reform judgments and affirm as modified in cases where there is non-reversible error. *Ferguson v. State*, 435 S.W.3d 291,

293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd). Accordingly, we modify the trial court's judgments of conviction to reflect pleas of "Not Guilty" by Graves to each offense.

**CONCLUSION**

Having overruled Graves's sole issue on appeal, we affirm the trial court's judgments as modified.

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  June 18, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Modified and affirmed
Do not publish
CRPM

